## Smallwood v. Commonwealth.

February 13, 1951.

George K. Holbert, Judge.

J. Howard Holbert for appellant.

A. E. Funk, Attorney General, and John B. Browning, Assistant Attorney General, for appellee.

JUDGE HELM—Reversing.

An indictment was returned against appellant, Ernest Smallwood, charging him with "unlawfully, wilfully and unreasonably neglecting to provide for the support of his minor children" under the age of 14 years. He was found guilty and his punishment fixed at imprisonment in the county jail for four months.

At the trial appellant did not have counsel. The case was argued for the Commonwealth, but not for appellant. At the time judgment was entered appellant's present counsel, as a friend of the court, requested that the sentence be probated. Appellant appeals urging (1) that he was deprived of material evidence on the trial of his case because the chief prosecuting witness had his receipts in her possession and failed and refused to produce them; (2) since the trial appellant has obtained possession of the receipts and can now produce them; and (3) the verdict is against both the law and the evidence and was the result of passion and prejudice.

KRS 405.030 provides: "No parent shall willfully or unreasonably neglect to provide for the support of his minor child who is actually or apparently under the age of fourteen years." KRS 405.990(1) provides: "Any person who violates KRS 405.030 shall be fined not more than twenty dollars or imprisoned for not more than six months."

We do not have a transcript of the testimony, but a summary of it as set out in the bill of exceptions. It appears that appellant's divorced wife testified appellant had failed to pay her for a period of six months the allowance of $15 per month he had been ordered to pay for the support of Louis and Marjorie Smallwood, infant children of the parties, 10 and 7 years of age. Appellant, according to the summary, testified that he had been involved in an accident and unable to work, and

624

that he was behind in his payments for a period of only two months. He also testified that at the time of his injury his former wife, Lizzie Smallwood, took his clothing and his billfold and had the receipts showing his payments; that she had promised him not to appear against him on account of his physical condition and inability to earn money. He further testified that Lizzie Smallwood operated a grocery store and was able to provide for the children until he recovered from his injury.

The indictment was returned June 23, 1949. We find original receipts, filed with the motion and grounds for a new trial, in the record as follows: One dated March 3, 1949 for $90; one dated June 15, 1949 for $15; another dated July 17, 1949 for $30. The trial appears to have been had on October 27, 1949. On November 26, 1949, appellant filed motion and grounds. On March 11, 1950, the court overruled appellant's motion and grounds.

The Commonwealth's attorney no doubt argued to the jury that appellant was in arrears in his payments for a period of six months, and urged that he be properly punished. Now it appears that the prosecuting witness was probably mistaken as to the payments. In view of this, and taking into consideration the testimony of appellant as summarized, we believe the court should have granted appellant a new trial.

The judgment is reversed for proceedings not inconsistent with this opinion.